**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02770-CMA-CBS

ASPEN INSURANCE UK, LTD., and
CERTAIN UNDERWRITERS AT LLOYD'S
Subscribing to Policy No. QA021508 and
Policy No. QA021608,

      Plaintiffs/Counterclaim Defendants,

v.

FISERV, INC.,
FISERV TRUST COMPANY
(f/k/a FIRST TRUST CORPORATION),
TRUST INDUSTRIAL BANK,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
ROBERT BERIAULT HOLDINGS, INC.,
LINCOLN TRUST COMPANY, and
NTC & CO., LLP,

      Defendants/Counterclaimants.

---

## PROTECTIVE ORDER

---

THIS MATTER comes before the Court on the Stipulated Motion for Entry of Protective Order (doc # 78) filed February 28, 2011, which supercedes and replaces the Stipulated Motion for Entry of Protective Order (doc # 75) filed February 25, 2011. The Court has reviewed the Motion and finds good cause for entry of the Protective Order.

Accordingly, IT IS HEREBY ORDERED:

1.     For purposes of this Order, the following definitions shall apply:

      a.      The term "Party" shall refer to (a) Defendants, individually or collectively, and Plaintiffs, individually or collectively. The term "Parties" shall refer to Defendants and Plaintiffs collectively.

      b.      The term "Madoff Related Actions" shall refer to those matters set forth in Exhibit A attached. Certain of the listed actions were not identified in Plaintiffs' First Amended Complaint in this action (doc # 35) ("Non-Listed Actions"). Including information related to such Non-Listed Actions within the scope of this Protective Order does not make attorneys' fees or costs incurred for defense of such actions within the scope of the Court's Order Granting Defendants' Motion for Partial Summary Judgment (doc # 66). Both Parties reserve all rights on such issue.

2.      Protected Information

      a.      Protected Information for purposes of this Order shall include the following information to the extent such information includes any material otherwise protected by the attorney-client privilege or work product doctrine:

            i.      Attorneys' invoices, consultant or expert invoices, invoices from outside vendors and any materials supporting such invoices, provided by Defendants to Plaintiffs for or relating to reimbursement of Defense Costs incurred by Defendants in connection with the Madoff Related Actions;

            ii.      Analysis, summaries or other documents created in connection with Plaintiffs' review of attorney invoices, consultant or expert invoices or other documentation submitted by Defendants for reimbursement;

    iii. Strategy, analysis and other information or documents that relate to procedural or substantive aspects of the Madoff Related Actions;

    iv. Correspondence (including e-mail) between Defendants and Plaintiffs, or the respective representatives of Defendants and Plaintiffs, as well as any notes, memoranda, work papers, databases, analyses or other items prepared by the Parties that reflect, are derived from, or otherwise contain Protected Information otherwise designated as Confidential Information pursuant to this Order.

 b. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that disclosure of Protected Information to a Party or third parties permitted herein shall not result in the waiver of any attorney-client privilege or work product protection as a result of such disclosure. The non-waiver terms of this Order extend to this action and to any other Federal or State action or arbitration proceeding.

 c. If, in producing Protected Information, a Providing Party inadvertently produces information that is subject to any privilege or work product protection or is otherwise information the Providing Party did not intend to provide, upon written (including e-mail) notice of the inadvertent production to the Receiving Party's counsel, the Receiving Party will promptly return or destroy the specified information and any copies of it, and take all reasonable steps to retrieve such information from any third party (including any Permitted Recipient) to whom the Provided Party provided such information. After complying with the foregoing, the Receiving Party may apply to the Court for review of the claim of inadvertent production.

3. Confidential Information

    a. For purposes of this Order, Confidential Information shall include any and all information in any form, whether hard (paper) copy, electronic copy or oral communication, as follows:

        i. Documents submitted in the arbitrations identified in Exhibit A; and

        ii. Information designated as confidential in any other legal proceeding.

4. Use of Protected Information or Confidential Information.

    a. A Party receiving Protected Information or Confidential Information ("Receiving Party") may use the Protected Information or Confidential Information provided by the other Party ("Providing Party") solely for purposes of (a) addressing coverage issues under the Policies; (b) the prosecution, defense or settlement of this Action; (c) resolution of any dispute regarding payment of defense costs sought by Defendants; or (d) addressing issues relating to defense or settlement of the Madoff Related Actions.

    b. Documents are designated as PROTECTED or CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "PROTECTED" or "CONFIDENTIAL." Such formal designation is not required for materials provided prior to this Order.

    c. A party may object to the designation of particular information as "Protected" or "Confidential" by giving written notice to the party designating the disputed information as "Protected" or "Confidential". The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the

designation of information as "Protected" or "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as "Protected" or "Confidential" under the terms of this Protective Order until the Court rules otherwise. In connection with a motion filed under this provision, the party designating the information as "Protected" or "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Protected" or "Confidential".

d. In the event any party wishes to submit Protected or Confidential Information to the Court, it shall comply with D.C.Colo.LCivR 7.2 to file items under seal.

5. Disclosure of Protected or Confidential Information

a. Protected or Confidential Information may be disclosed by a Receiving Party only to the following parties (the "Permitted Recipients") absent order of this Court:

i. Counsel retained by the Receiving Party to provide advice in connection with this lawsuit or the Madoff Related Actions;

ii. Experts retained by the Receiving Party in connection with this lawsuit or the Madoff Related Actions;

iii. Representatives of the Receiving Party assisting with the purposes permitted in paragraph 4 of this Order; and

iv. Plaintiffs' reinsurers, regulators, or other government authorities, upon request of such parties, as permitted by subparagraph c. below.

provided in all cases that such individuals and entities agree in writing to comply with this Order.

b.  Prior to the disclosure of any Protected or Confidential Information by or on behalf of a Receiving Party to a Permitted Recipient, the Receiving Party (or its counsel) shall deliver a copy of this Order to the Permitted Recipient, shall explain its terms to the Permitted Recipient and shall secure the signature of the Permitted Recipient on a certificate in the form of attached Exhibit B.

c.  If Plaintiffs are unable to secure the signature of a Permitted Recipient identified in 5(a)(iv) above, Plaintiffs shall promptly notify the Providing Party, but may provide the requested information to the party identified in 5(a)(iv) above with a written notice that the information is Protected or Confidential Information subject to this Order.

d.  Receiving Parties (or their counsel) shall maintain a list of Permitted Recipients to whom Protected or Confidential Information has been disclosed and copies of all such certificates executed by the Permitted Recipients.  In the event of a breach or an alleged breach of this Order, the Receiving Party shall provide to the Providing Party the list of all Permitted Recipients to whom the Receiving Party disclosed Protected or Confidential Information and copies of all certificates executed by those Permitted Recipients.

e.  The Permitted Recipients listed in 5(a) above shall not include any person or entities in a competing line of business with Trust Industrial Bank, absent Defendants' consent.  To the extent Plaintiffs deem it necessary to disclose the Information to any such person or entity, Plaintiffs agree to consult with Defendants to seek consent prior to such disclosure, which consent will not be unreasonably withheld.  Should Defendants refuse consent, Plaintiffs may make application to this Court for disclosure to such persons or entities.

6. If a Receiving Party wishes to use Protected or Confidential Information in proceedings in this lawsuit or other proceedings, the Parties will cooperate and seek appropriate court orders as to the filing and use of any Protected or Confidential Information to prevent such information from becoming publicly available.

7. Following the termination of all the Madoff Related Actions whether by judgment, settlement, release or otherwise, and the termination of this Action, a Receiving Party (or its counsel) shall, within thirty (30) days of a request by a Providing Party:

    a. Return to the Providing Party all Protected or Confidential Information provided by the Receiving Party including, copies of all Protected or Confidential Information. The Receiving Party shall certify in writing that it has returned all such Protected or Confidential Information within its possession, custody or control.

    b. Request from all Permitted Recipients to whom the Receiving Party has provided Protected or Confidential Information that such Permitted Recipients return to the Receiving Party (or its counsel) all Protected or Confidential Information which the Receiving Party (or its counsel) provided to the Permitted Recipient, and, for each Permitted Recipient, shall provide the Providing Party with either: (i) a certificate from the Permitted Recipient that the Permitted Recipient has returned all Protected or Confidential Information to the Providing Party; or (ii) a certificate from the Receiving Party that the Permitted Recipient has represented in writing to the Receiving Party that the Permitted Recipient has returned or destroyed all Protected or Confidential Information received by the Permitted Recipient.

Notwithstanding the foregoing, nothing in this Paragraph shall obligate either Party to return any Protected or Confidential Information that becomes part of the court record in this lawsuit. The Parties shall continue to maintain the confidentiality of such materials in accordance with this Order.

8. In the event any one or more of the provisions contained in this Order shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if the Parties and their counsel mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Order.

9. Nothing in this Order is intended or will be construed to create any attorney-client relationship between the Parties for the purposes of conflicts of interest. The sharing of Protected or Confidential Information by the Parties pursuant to this Order shall not disqualify any representative of a Party (including any law firm or an individual attorney) from accepting any other future engagement adverse to the other Party.

10. Nothing in this Order shall be construed to affect the separate and independent representation of each client by its respective counsel according to what its counsel believes to be in its client's best interest.

11. Injunctive relief may be granted to enforce this Order.

12. Nothing in this Order shall require either Party to provide any information to the other. The terms of this Order are without prejudice to either Party's rights or obligations under the Policies, at law or in equity.

13. If and to the extent that a third party subpoenas or uses other process to seek to compel a Receiving Party to provide Protected or Confidential Information outside the terms of this Order, the Receiving Party shall advise the Providing Party of such process as soon as reasonably possible (and in every case, before complying with such process), and shall reasonably cooperate with the Providing Party in efforts it may make to quash such subpoena or otherwise prevent or limit disclosure of such information pursuant to that process.

14. If there is litigation between the parties to construe or enforce this Order, the prevailing party shall recover its reasonable attorneys' fees and costs.

15.     Information provided by either Party to the other during or prior to this lawsuit that meets the definition of Protected Information of Confidential Information will be and shall be treated as Protected Information or Confidential Information under this Order.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

DATED at Denver, Colorado, this 1st day of March, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge